## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JERRY D. PATTEN, and JERRY & SONS REPAIR-TOWING, INC. an Illinois Corporation<br>        Plaintiffs,<br><br>v.<br><br>GREG DODSON Individually and in his Official capacity, HERB WILLIAMS Individually and in his Official capacity, HOWARD JONES, Individually and in his Official capacity, ROBERT SMITH, Individually and in his Official capacity, ANDRE MARSHALL, Individually and in his Official capacity, and DAVID SAUER, Individually and in his Official capacity.<br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.<br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiffs, JERRY D. PATTEN and JERRY & SONS REPAIR-TOWING, Inc., an Illinois Corporation, by and through their attorneys, WILLIAM W.P. ATKINS and the law firm of JOHNSON, BUNCE & NOBLE, P.C., and for their Complaint and Demand for Jury Trial against Defendants, state the following:

### JURISDICTION AND VENUE

1. Jurisdiction in this case is based upon the existence of a federal question.

2. This action arises under the Constitution and laws of the United States; specifically, the First and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §§ 1983 and 1988.

3. Jurisdiction is based upon 28 U.S.C. § 1331, as this civil action arises under the Constitution and laws of the United States; upon 28 U.S.C. § 1343(a)(3), as it seeks to redress the deprivation, under color of State law, statute, ordinance, regulation, custom or usage, of a right secured by the Constitution of the United

States; and upon 42 U.S.C. § 1983, as it seeks to hold liable persons who, under color of State statute, ordinance, regulation, custom, or usage, subjected or caused to be subjected a United States citizen to the deprivation of rights secured by the Constitution.

4. The Plaintiff seeks recovery of his costs in bringing this action, including his attorney's fees, pursuant to 42 U.S.C. § 1988.

5. Venue is appropriate in the Southern District of Illinois pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred within the City of Centralia, County of Marion, State of Illinois. Further, all Defendants are believed to reside within the district. *See* 28 U.S.C. § 1391(b)(1).

6. As a substantial part of the events or omissions giving rise to the claim occurred within the City of Centralia, County of Marion, State of Illinois, this action is filed in the East St. Louis Division of the Southern District of Illinois.

## THE PARTIES

7. Plaintiff JERRY PATTEN ("Jerry Patten") is a natural person and law-abiding citizen, domiciled in, and a citizen of, the State of Illinois. He resides in the City of Sandoval, Marion County, Illinois.

8. Plaintiff JERRY & SONS REPAIR-TOWING, INC. ("Jerry's Towing") is an Illinois Corporation. Jerry's Towing is owned and operated by Jerry Patten.

9. Defendant, GREG DODSON is the Chief of Police for the City of Centralia Police Department. In the course of his conduct set forth below, Defendant Dodson acted under the color of law.

10. Defendant, HERB WILLIAMS is the Mayor for the City of Centralia. In the course of his conduct set forth below, Defendant Williams acted under the color of law.

11. Defendant HOWARD JONES is a member of the Centralia City Council. In the course of his conduct set forth below, Defendant Jones acted under the color of law.

12. Defendant ROBERT SMITH is a member of the Centralia City Council.

In the course of his conduct set forth below, Defendant Smith acted under the color of law.

13. Defendant ANDRE MARSHALL is a member of the Centralia City Council. In the course of his conduct set forth below, Defendant Marshall acted under the color of law.

14. Defendant, DAVID SAUER is a member of the Centralia City Council. In the course of his conduct set forth below, Defendant Sauer acted under the color of law.

## STATEMENT OF FACTS

15. Jerry Patten displayed a Confederate Flag at his home in early 2020.

16. On or about August 10, 2020 the Mayor and members of the Centralia City Council, specifically David Sauer, Andre Marshall, Howard Jones and Robert Smith met and discussed Mr. Patten's flag.

17. As part of this discussion, they decided to terminate his participation in the tow rotation list maintained by the Centralia Police Department.

18. When they discovered they did not have the authority to remove him from the tow rotation list, they proceeded to pressure the Police Chief, Greg Dodson, to do so.

19. By Illinois statute, Greg Dodson as Centralia Police Chief, has the authority to determine who participates in the tow rotation list for Centralia.

20. Jerry's Towing had previously participated in the tow rotation list and other than Jerry Patten's exercise of freedom of expression guaranteed by the Constitution of the United States, there was no reason for the Chief of Police to remove Jerry's Towing from the tow rotation list.

21. On August 18, 2020 Jerry's Towing was notified that Jerry's Towing was no longer on the tow rotation list due to flying a confederate flag.

22. Applications for participation in the tow rotation list are allowed on an annual basis and on January 23, 2021 Jerry's Towing was again denied participation, apparently on the same unlawful basis.

## COUNT I
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
(First Amendment-Retaliation)
(Against all Defendants)

1. The First Amendment of the U.S. Constitution guarantees citizens freedom of speech.

2. The First Amendment secures the right to be free from retaliatory governmental actions for speech, even if the governmental action is otherwise allowed.

3. To prevail on a First Amendment retaliation claim, Plaintiffs must demonstrate that: (a) they were engaged in constitutionally protected activity; (b) the Defendants' action caused them to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (c) the Defendants' adverse actions were substantially motivated against Plaintiffs' exercise of constitutionally protected conduct.

5. At all times relevant, as government officials acting under color of law, Defendants were required to obey the laws of Illinois and of the United States.

6. Plaintiff Jerry Patten engaged in constitutionally protected conduct when he chose to display a confederate flag at his home.

8. Defendants denied Plaintiffs the right to participate in a tow rotation utilized by the City of Centralia.

9. A causal connection existed between Defendants' denial of Plaintiffs right to participate in the tow rotation and Plaintiffs exercise of free speech.

10. Such denial and the resulting loss of income would chill a person of ordinary firmness from exercising their First Amendment right to display a confederate flag. Plaintiffs had not committed any unlawful acts and were otherwise eligible to participate in the tow rotation.

11. Defendants' actions constituted retaliation.

12. The aforementioned acts deprived Plaintiffs of the rights, privileges, and immunities guaranteed to citizens of the United States by the Firsts, Fourth, and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983.

13. As a proximate results of the illegal and unconstitutional acts of the Defendants, Plaintiffs were harmed and suffered damages for their physical, mental, emotional injury and pain, fright and shock, mental anguish, humiliation and embarrassment, as well as lost income.

WHEREFORE, Plaintiff, JERRY D. PATTEN and JERRY & SONS Repair-Towing Inc., demand judgment and pray for the following relief against all defendants:

    a. Full and fair compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Reasonable attorney's fees, interest, and costs of this action; and

    d. Any such other relief as appears just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all triable issues, per Fed.R.Civ.P. 38(b).

DATED: October 4, 2021

        JERRY D. PATTEN and JERRY & SONS REPAIR-TOWING, INC.
        Plaintiffs

        JOHNSON, BUNCE & NOBLE, P.C.,

        By: /s/ William W.P. Atkins
              For the Firm

William W. P. Atkins, Attorney
Johnson, Bunce & Noble, P.C.
Executive Offices - Parkway Plaza
7800 N. Sommer St., Suite 425
Peoria, IL 61615
Phone: (309) 691-9650
Fax: (309) 691-9651
Email: watkins@peorialawyers.com
Secondary Email: service@peorialawyers.com
Firm No. 47